UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LEE GILMORE,

        Petitioner,

v.

SCOTT SPRADER,

        Respondent.
_____/

No. 2:19-cv-10631

Paul D. Borman
United States District Judge

ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD [ECF NO. 15] AND DENYING HIS REQUESTS FOR AN EVIDENTIARY HEARING [ECF NO. 16] AND DISCOVERY [ECF No. 17]

**I. Introduction**

In 2019, petitioner Joseph Lee Gilmore filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Gilmore's state convictions for armed robbery, Mich. Comp. Laws § 750.529, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), unlawful imprisonment, Mich. Comp. Laws § 750.349b, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony firearm, second offense, Mich. Comp. Laws § 750.227b. (ECF No. 1, Pet., PgID 1.) The state appellate court summarized the victims' testimony at trial as follows:

> At trial, the victims, Frank Graham and Italiya Anderson, identified defendant as one of the perpetrators. Although Graham never visibly observed defendant in the home during the robbery, Graham stated that he recognized defendant's voice based on previous conversations that

> he had with defendant during the three or four years that he had known him through their landlord-tenant relationship. In response to a question from the jury, Graham confirmed that he was "one hundred percent sure that it was [defendant's] voice" that he heard because he had talked to him "plenty of times." Anderson, who had known defendant for eight or nine years, testified that she saw defendant in the house during the incident, specifically noticing his Cartier glasses and light skin. She also recognized defendant's voice when he spoke with the other perpetrators, asked Anderson where the money was located in the house, and instructed one of the perpetrators to check on a dog in the basement. Further, Graham testified that defendant threatened him by phone while defendant was in prison, and he identified defendant's voice on the recording of the phone call, which was admitted at trial.

*People v. Gilmore*, No. 318592, 2015 WL 558292, at *2 (Mich. Ct. App. Feb. 10, 2015).

The Court of Appeals affirmed Gilmore's convictions and sentence, *see id.* at *1, and the Michigan Supreme Court denied leave to appeal. *People v. Gilmore*, 498 Mich. 957 (2015). Gilmore also was unsuccessful during post-appellate proceedings where he argued that his trial and appellate attorneys were ineffective. (ECF No. 1, Pet., PgID 3–5.)

In his habeas petition, Gilmore alleges as grounds for habeas relief that: (1) the prosecutor violated his right to due process by using perjured testimony, by not correcting the perjury, and by not preserving 911 recordings; (2) trial counsel provided ineffective assistance by failing to (a) interview and compel the attendance of two key defense witnesses, (b) review phone calls for evidence of motive, and (c) contact or procure witnesses that she promised to produce; (3) appellate counsel was

ineffective for failing to (a) move for an evidentiary hearing to preserve a claim about trial counsel, (b) expand the record in other ways, and (c) raise stronger meritorious issues; and (4) the trial court abused its discretion by denying Gilmore's request for a one-day continuance of the trial. (*Id*. at PgID 5, 7–8, 10, 15.) Presently before the Court are Gilmore's motion to expand the record (ECF No. 15), his request for an evidentiary hearing (ECF No. 16), and his request for discovery (ECF No. 17).

## II. Discussion

### A. The Motion to Expand the Record

In his motion to expand the record (ECF No. 15), Gilmore asks the Court to include and consider the following items, which are attached to his motion: (1) two letters that his appellate attorney sent to him in 2013 (*id*. at PgID 1998–2002); (2) five pages of questions that jurors submitted to the trial court (*id*. at PgID 1998, 2003–07); (3) Petitioner's letters to Officer Mason in which he requests information (*id*. at PgID 1998, 2010–11); (4) two letters allegedly sent to the Wayne County Clerk of Court in which Gilmore requests copies of subpoenas faxed to two police officers (*id*. at PgID 1998, 2008–09); and (5) Gilmore's affidavit, which is dated January 15, 2020 (*id*. at PgID 1998, 2012–14). Gilmore asserts that these items would assist the Court and substantiate his habeas claims. (*Id*. at PgID 1994–97.)

The Rules Governing Section 2254 Cases in the United States District Courts permit a district judge to "direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a). Among the things that may be submitted are letters predating the filing of the petition, documents, exhibits, and affidavits. Rule 7(b).

The United States Court of Appeals for the Sixth Circuit has "recognized that expansion of the record in habeas cases 'is not mandatory . . . and is left to the discretion of the trial judge.'" *Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008) (quoting *Ford v. Seabold,* 841 F.2d 677, 691 (6th Cir. 1988)). However, "[e]xpansion of the record can assist the district court in deciding other issues besides the merits of the claim" and the expanded record "does not necessarily require that the district court consider that evidence in evaluating the merits of the habeas claim." *Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013).

The Court, therefore, will allow expansion of the record to include the items attached to Gilmore's motion. His motion to expand the record is granted. (ECF No. 15.)

### B. The Request for an Evidentiary Hearing

Gilmore seeks an evidentiary hearing to develop the facts and to advance his claims about trial and appellate counsel, the trial court's denial of his request for an adjournment, and the alleged denial of his right to compulsory process. (ECF No.

16, PgID 2015, 21.) Gilmore contends that a hearing would assist the Court in determining whether he is entitled to relief, and it would enable him to prove the factual allegations in his habeas petition (*Id.* at PgID 2016.) He also asserts that a hearing would allow him to raise a claim about the cumulative effect of trial counsel's errors (*id.* at PgID 2019), and that his factual allegations, if true, would entitle him to habeas relief (*id.* at PgID 2016.)

The Sixth Circuit Court of Appeals recently pointed out that, for a federal court to grant habeas relief in a § 2254 case where the state court decided a claim on the merits, "the state court's decision must have been '(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Stermer v. Warren*, 959 F.3d 704, 720–21 (6th Cir. 2020) (quoting 28 U.S.C. § 2254(d)).

> When assessing whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), the reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits," [*Cullen v.*] *Pinholster*, 563 U.S. [170, 181 (2011)]. Because of this, a district court cannot use a federal evidentiary hearing to supplement the record when assessing a claim under § 2254(d). *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 465 (6th Cir. 2012).

*Id.* at 721.

On direct appeal, the Michigan Court of Appeals adjudicated the merits of Gilmore's claim about the denial of a continuance. *See Gilmore*, No. 318592, 2015 WL 558292, at *1–2. Therefore, the Court is not permitted to hold an evidentiary hearing on that claim.

Furthermore, the Court is not persuaded that an evidentiary hearing is necessary to resolve Gilmore's claims about his trial and appellate attorneys. Accordingly, Gilmore's motion for an evidentiary hearing is denied without prejudice. (ECF No. 16.) The Court will reconsider Gilmore's request for an evidentiary hearing, if necessary, following the Court's review of the state court's record. It will not be necessary for Gilmore to renew his request.

### C. The Request for Discovery

Gilmore's third and final request is for help in conducting discovery. He wants to acquire the following items: (1) copies of the faxed subpoenas that were prepared for Officers Passalaqua and Mason and sent to the Detroit Police Department's Twelfth Precinct on August 19, 2013; (2) Officer Passalaqua's police report, which allegedly makes no mention of Officer Mason's observations at the crime scene or any identification of the suspects at that time; and (3) a transcription of the phone call mentioned in his second claim about trial counsel. (ECF No. 17, PgID 2025, 2028–29.) As for the third request, Gilmore asks in the alternative for an evidentiary

hearing in state court where he can listen to the recording and argue his claim. (*Id*. at PgID 2029.)

Gilmore is trying to show that the subpoenas were never faxed to the officers, as ordered by the state court, and, therefore, his right to compel the officers' attendance was violated. (*Id*. at PgID 2025–28.) He contends that the police report will show that the victims did not identify him as one of the perpetrators of the crime and that the state court's finding—that Officer Mason's testimony would be cumulative—is conclusory and not supported by the facts. (*Id*. at PgID 2028–29.) Finally, he wants a transcription of the phone conversation between him and Mr. Graham to support his second claim about trial counsel's failure to review the phone call for proof of motive. (*Id*. at PgID 2029.)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001) ("Habeas petitioners have no right to automatic discovery."). Although "[a] judge may, for good cause, authorize a party to conduct discovery," *see* Habeas Rule 6(a), the habeas petitioner must "present[] specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) (quoting *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001)). Furthermore, "[t]he

7

writ of habeas corpus has limited scope; the federal courts do not sit to re-try state cases *de novo* but, rather, to review for violation of federal constitutional standards." *Milton v. Wainwright*, 407 U.S. 371, 377 (1972).

The record before the Court indicates that the complaining witnesses did not identify Gilmore as a suspect until twelve hours after the crime and that their identification of Gilmore at trial was impeached. *See Gilmore*, No. 318592, 2015 WL 558292, at *3. In addition, Officer Passalacqua's former testimony about what the complainants said or failed to say at the crime scene was read into the record at Gilmore's trial. *See id*. at *2; (*see also* ECF No. 10-18, PgID 957–67.) As such, the jury was made aware of problems with the identification of Gilmore, and it does not appear that Gilmore was prejudiced by the alleged violation of his right to compel the attendance of Officers Passalacqua and Mason.

As for Gilmore's request for a copy of Officer Passalacqua's police report, he has not persuaded the Court of the necessity of the report. The report apparently was a joint report, reflecting both officers' observations at the scene, and Officer Passalacqua testified from the report at trial. (*See* ECF No. 10-18, PgID 922–23 (indicating that the police report was a joint report); *id*. at PgID 958–62, 965–67 (demonstrating Officer Passalacqua's reliance on the report at trial).)

Finally, it also does not appear that a transcript of the alleged phone conversation between Gilmore and Mr. Graham is necessary. Graham identified

Gilmore's voice on a recording of the phone call in question, and the recording was admitted at trial. *Gilmore*, No. 318592, 2015 WL 558292, at *2; (*see also* ECF No. 10-16, PgID 636, 644–45 (Mr. Graham's testimony that he recognized Gilmore's voice on the recording in question, and the trial court's admission of the voice recording in evidence).)

Gilmore has not shown good cause for discovery because the facts, if further developed, would not necessarily lead the Court to believe that federal habeas relief is appropriate. The Court, therefore, denies Gilmore's motion for discovery. (ECF No. 17.)

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge

Dated: September 4, 2020